Kulwant Kaur CHADHA;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–72803.
Agency Nos. A73–219–814, A73–219–815.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 18, 2003.

Madan Ahluwalia, Ahluwalia Law Office, San Mateo, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, U.S.Department of Justice, Civil Division, Linda S. Wendtland, Erica A. Franklin, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Kulwant Kaur Chadha and her minor daughter, both natives and citizens of India, appeal from the order of the Board of Immigration Appeals affirming the immigration judge's ("IJ") denial of their application for asylum and withholding of re-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moval. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000), and we grant the petition for review.

The "inconsistencies" in Chadha's testimony are minor discrepancies in relation to her otherwise consistent descriptions of her arrest, mistreatment and resultant injuries. *See id.* at 1166–67. Furthermore, Chadha explained that she was mistaken about the length of her hospitalization due to her difficulty in recalling and testifying to the events that lead to the rupture of her ovary and her miscarriage. *See id.; Garrovillas v. INS,* 156 F.3d 1010, 1014 (9th Cir.1998).

Accordingly, we conclude that the IJ's adverse credibility finding is not supported by substantial evidence. We therefore vacate the IJ's decision, and remand for further proceedings to determine whether Chadha has met the criteria for asylum or withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**